JACKIE H. PHILLIPS *et al.*, Plaintiffs-Appellants, v. DAVID R. COX, Defendant-Appellee.

Fifth District     No. 5—93—0128

Opinion filed April 13, 1994.

Harold K. Pike III, of Centralia, for appellants.

Howard & Howard, of Mt. Vernon (G.W. Howard III and Jeffrey G. Howard, of counsel), for appellee.

JUSTICE WELCH delivered the opinion of the court:
On July 26, 1983, David R. Cox (defendant) sold to Jackie H. Phillips and Debra S. Phillips (plaintiffs) his sign-making business, which included both real and personal property and the nonexclusive right to use the name "David Cox Signs." The contract entered into between the parties did not contain any noncompetition clause. Sometime in April of 1989, defendant opened a new sign-making business next door to the plaintiffs. Defendant named his business: "David R. Cox d/b/a Sign Design and Construction." Defendant also listed his new business in the local telephone book.

On February 21, 1992, plaintiffs filed their initial complaint in the circuit court of Jefferson County seeking, *inter alia*, injunctive relief. On March 12, 1992, the defendant filed his answer. On March 25, 1992, defendant filed a motion seeking summary judgment or, in the alternative, dismissal. On June 9, 1992, the trial court dismissed plaintiffs' complaint for failing to state a cause of action. On June 29, 1992, plaintiffs filed an amended complaint seeking, *inter alia*, injunctive relief based upon the Uniform Deceptive Trade Practices Act (Act) (Ill. Rev. Stat. 1991, ch. 121$^1$/$_2$, pars. 312(1), (2), (12), 313 (now 815 ILCS 510/2(1), (2), (12), 3 (West 1992)).) In relevant part, section 2 of the Act provides:

"A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:
(1) passes off goods or services as those of another;
(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; [or]

* * *

(12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties or actual confusion or

misunderstanding." Ill. Rev. Stat. 1991, ch. 121$^1$/$_2$, pars. 312(1), (2), (12) (now 815 ILCS 510/2(1), (2), (12) (West 1992)).

In pertinent part, plaintiffs' amended complaint alleged:

"1. Plaintiffs are the joint owners of a certain business known as 'David Cox Signs' ***.

2. Defendant *** is the owner of a business known as 'David R. Cox, d/b/a Sign Design and Construction', located *** immediately next door to Plaintiffs ***.

* * *

7. Defendant, in addition to naming his business 'David R. Cox, d/b/a Sign Design and Construction', took out a business telephone listing identifying his business as 'David R. Cox'. Further, Defendant prepared and published advertisements to the general public soliciting sign business using the name 'David R. Cox' in connection with said business advertisements. Defendant is in violation of the Uniform Deceptive Trade Practices Act, Ill. Rev. Stats., ch[.] 121$^1$/$_2$, [par.] 312, subpart (1), (2), and (12), in that: Defendant physically located his business in close proximity to Plaintiffs' business, used a name substantially similar to the name of Plaintiffs' business in connection with his business and conducted a business offering services and goods similar to that of Plaintiff's [sic] business.

* * *

10. *** Defendant has diverted Plaintiffs' customers, thereby depriving Plaintiffs of sales and revenue which they would otherwise have had. Plaintiffs' revenue has declined by the sum of $15,233.00 for the calendar year 1990, and by the sum of $16,733.00 for the calendar year 1991.

11. Unless prevented, the Defendant will continue to appropriate the business goodwill of Plaintiffs and divert Plaintiffs' customers by continuing to engage in acts constituting deceptive trade practices. Accordingly, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law."

On July 8, 1992, defendant filed a motion to dismiss for failure to state a cause of action. On November 20, 1992, the trial court entered an order dismissing plaintiffs' amended complaint. On December 4, 1992, plaintiffs filed a motion to reconsider. On December 11, 1992, defendant filed a motion for sanctions and a response to plaintiffs' motion to reconsider. On February 2, 1993, the trial court denied both motions. Plaintiffs now appeal raising the following issue: whether plaintiffs' amended complaint seeking injunctive relief states a cause of action under the Act. We hold that it does and hereby reverse the trial court.

The question before this court is whether plaintiff has stated a

cause of action sufficient to survive a motion to dismiss for failure to state a cause of action. (Ill. Rev. Stat. 1991, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1992)).) On appeal, this court reviews only the legal sufficiency of the complaint by determining whether the essential elements of the cause of action were alleged. (*Bank of Northern Illinois v. Nugent* (1991), 223 Ill. App. 3d 1, 9, 584 N.E.2d 948, 953.) A trial court's decision to grant a motion to dismiss for failure to state a cause of action "should be affirmed on appeal only where no set of facts can be proved under pleadings which set forth a cause of action entitling the plaintiff to relief." *Nugent*, 223 Ill. App. 3d at 9, 584 N.E.2d at 953.

At the outset, we want to make it clear that we are basing this decision on the broad language of subsection 12 of section 2 of the Act. We start from the premise advanced in *Unique Concepts, Inc. v. Manuel* (N.D. Ill. 1987), 669 F. Supp. 185, 191, *aff'd* (Fed. Cir. 1991), 937 F.2d 622 (unpublished order), that "[a]ny conduct in a business which creates a likelihood of consumer confusion or misunderstanding is potentially actionable [under subsection 12]."

The purpose of the Act is to prohibit unfair competition (*Chabraja v. Avis Rent A Car System, Inc.* (1989), 192 Ill. App. 3d 1074, 1079, 549 N.E.2d 872, 876), and "[i]t is primarily directed towards acts which unreasonably interfere with another's conduct of his business." (*Popp v. Cash Station, Inc.* (1992), 244 Ill. App. 3d 87, 98, 613 N.E.2d 1150, 1156.) By enacting the Act, the "legislature *** added another act to the growing list of statutes designed to prohibit acts commonly described as unfair competition." (Ill. Ann. Stat., ch. 121¹/₂, par. 311 *et seq.*, Prefatory Illinois Notes, at 238 (Smith-Hurd Supp. 1992).) Specifically:

"[S]ubsection 12 *** allows an injunction against other conduct not specifically enumerated which 'similarly creates a likelihood of confusion or of misunderstanding.' Because the ingenious ways of the unethical businessman have usually been one step ahead of the law, this provision is essential in order to assure the accomplishment of the objectives of the [Act]—the enjoining of trade practices which confuse or deceive the consumer, or which unjustly injure the honest businessman and prevent him from receiving his just rewards from effective advertising and consumer satisfaction. By a *liberal interpretation* of subsection (12) ***, the courts may keep abreast of changing deceptive trade practices, in the event that the specific prohibitions of the act do not prove adequate to their assigned task." (Emphasis added.) (Ill. Ann. Stat., ch. 121¹/₂, par. 311 *et seq.*, Prefatory Illinois Notes, at 237-38 (Smith-Hurd Supp. 1992).)

Furthermore:

> "[Subsection 12 empowers] the courts to expand the coverage of the act to include new forms of deceptive conduct which might arise in the future. In the absence of such a provision, the enumerated deceptive practices [of section 312] might be avoided and the objectives of the act thwarted. Under this section, *courts are free to enjoin any conduct which creates a likelihood of confusion or of misunderstanding*, even though the conduct in question is not explicitly covered by the other sections of the act." (Emphasis added.) Ill. Ann. Stat., ch. 121$^1$/$_2$, par. 312, Illinois Notes, at 251 (Smith-Hurd Supp. 1992).

On the one hand, "Illinois courts have \*\*\* enjoined the use of a business name deceptively similar to that of another person." (Ill. Ann. Stat., ch. 121$^1$/$_2$, par. 312, Illinois Notes, at 244 (Smith-Hurd Supp. 1992).) But on the other hand, "although many courts have held that one may not be enjoined from using his own name in a business, the Illinois courts have recognized that if consumer confusion would result from the use of one's own name, its use will be restricted." Ill. Ann. Stat., ch. 121$^1$/$_2$, par. 312, Illinois Notes, at 244-45 (Smith-Hurd Supp. 1992).

In *Hooker v. Columbia Pictures Industries, Inc.* (N.D. Ill. 1982), 551 F. Supp. 1060, the plaintiff, a professional woodcarver, sought to enjoin the defendant from using his name in the title of a television show about a fictional California policeman. Relying on, *inter alia*, subsection 12 of section 2 the Act, the plaintiff alleged that defendants' "use of plaintiff's name \*\*\* is likely to cause confusion or misunderstanding." The court stated:

> "[T]he foundation of plaintiff's claim in this count is the fact that the fictional character in the television series happens to have the same name as plaintiff. Plaintiff apparently reasons that the violent behavior of the fictional T.J. Hooker will be ascribed to the real T.J. Hooker, whose only violence, if it can be called that, consists of applying his knife to inanimate blocks of wood as he transforms them into wonderfully lifelike birds. Under this logic, every violent deed committed by the chimerical California lawman is the functional equivalent of a public declaration that T.J. Hooker the Illinois woodcarver is actually a man whose violent propensities belie the image of bucolic serenity he cultivates." *Hooker*, 551 F. Supp. at 1063.

The court in *Hooker* concluded that plaintiff's allegations were insufficient under the Act because plaintiff "alleged absolutely nothing to indicate either that consumers of his products will be confused as to his affiliation with the defendants' police drama or that viewers of the program will be confused as to the show's affiliation with T.J. Hooker's woodcarving enterprise." (*Hooker*, 551

F. Supp. at 1065.) *Hooker* was an easy case given the great unlikelihood of confusion between an Illinois woodcarver and a fictional television character. The only thing in common between the plaintiff and defendant in *Hooker* was the name.

By way of reverse analogy to *Hooker*, we believe the facts in the instant case do show a likelihood of confusion or misunderstanding. "The [likelihood-of-confusion] standard requires only that a seller identify his product or service in such a manner that ' "purchasers exercising ordinary care to discover whose products [or services] they are buying will know the truth and not become confused or mistaken." ' *Dave Grossman Designs, Inc. v. Bortin* (N.D. Ill. 1973), 177 U.S.P.Q. 627, 630; *Cameo, Inc. v. Plough, Inc.* (N.D. Ohio 1975), 185 U.S.P.Q. 228, 230." (*Hooker*, 551 F. Supp. at 1064.) The defendant, in arguing that there is no cause of action, relies in part on the following: (1) that there is no allegation of breach of contract; (2) that plaintiff does not have the exclusive right to the defendant's name; and (3) that there is no covenant not to compete. While true, none of these facts are of any consequence whatsoever to stating a cause of action under subsection 12.

We believe that plaintiff has alleged facts sufficient to state a cause of action. First, defendant has located his sign-making business next door to the plaintiffs' business. Second, both parties are engaged in the same type of business. Third, and most importantly, defendant is operating his business under a name that is very similar to the name used by the plaintiffs. In short, we think plaintiffs have pleaded facts sufficient to show a likelihood of confusion.

For the foregoing reasons, we hereby reverse the order of the trial court dismissing plaintiffs' amended complaint and remand this case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

LEWIS, P.J., and MAAG, J., concur.