**NATIVE AMERICAN ARTS, INC., Plaintiff,**

**v.**

**CHICO ARTS, INC., a Texas corporation, Defendant.**

**No. 97 C 6325.**

United States District Court, N.D. Illinois, Eastern Division.

June 4, 1998.

Michael Patrick Mullen, Mullen & Foster, Chicago, IL, for Native American Arts Inc., plaintiff.

James Michael Hofert, Michael John Leech, Scott Frederick Burns, Bruce L. Carmen, Hinshaw & Culbertson, Chicago, IL, for Chico Arts, Inc., a Texas Corporation, defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Native American Arts, Inc. ("NAA"), filed suit against the defendant, Chico Arts, Inc. ("Chico Arts"), for selling certain products. Count I alleges violation of the Indian Arts and Crafts Act of 1990 ("IACA"), 25 U.S.C. § 305 *et seq.* Count II alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/2. Count III alleges violation of the Illinois Uniform Deceptive Trade Practices Act ("DTPA"), 815 ILCS 510/2. Chico Arts moves to dismiss all counts of the complaint. For the reasons set forth below, Chico Arts' motion is granted in part and denied in part.

### Background

The NAA is an Indian arts and crafts organization composed of members of the Ho–Chunk Nation, an Indian tribe recognized by the United States government, and of Indians of other recognized tribes. Chico Arts is a company that sells arts, crafts, and jewelry throughout the United States. It is not an Indian, a member of an Indian tribe, a recognized Indian artisan, or an Indian arts and crafts organization.

The NAA alleges that Chico Arts has offered, advertised, marketed, displayed, or sold various products in a manner that suggests they were Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization when in fact, they were not. These products are traditional Indian artworks and crafts, such as tomahawks and peace pipes, embodying traditional Indian styles, motifs, and designs, and are traditionally made by Native Americans.

Chico Arts allegedly prints catalogs, posters, brochures, flyers, order and invoice forms, advertising and marketing materials, and literature using the terms "Indian," "Native American," and tribes, and falsely stating that the products are "handcrafted by Native American Indians." It places tags on some of the products depicting a Native American woman handcrafting an Indian product and with the phrase "Native Americans" and identifying certain North American tribes. Other tags have the term "Indian," "Native American," or tribes on them. Furthermore, Chico Arts' salespersons falsely state that the products are authentic Native American or Indian produced products or Indian products. Most of the products sold either do not have any disclaimers on them or the disclaimers are inadequate.

### Count I

■ 25 U.S.C. § 305e(a) states that:

[a] person specified in subsection (c) of this section may, in a civil action in a court of competent jurisdiction, bring an action against a person who offers or displays for sale or sells a good, with or without a Government trademark, in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts

and crafts organization, resident within the United States....

25 U.S.C. § 305e(c) specifies that:

(1) A civil action under subsection (a) of this section may be commenced—

(A) by the Attorney General of the United States upon request of the Secretary of the Interior on behalf of an Indian who is a member of an Indian tribe or on behalf of an Indian tribe or Indian arts and crafts organization; or

(B) by an Indian tribe on behalf of itself, an Indian who is a member of the tribe, or on behalf of an Indian arts and crafts organization.

The plain language of § 305e(c) clearly authorizes only two parties to bring a suit: the Attorney General or an Indian tribe. The NAA is not an Indian tribe but an Indian arts and crafts organization. Thus, it does not have standing to bring suit under § 305e(c).

■■ The NAA argues that the language of the statute indicates that it can bring suit. It argues that the statute should be read as follows: "A civil action under subsection (a) of this section may be commenced ... on behalf of an Indian arts and crafts organization." It claims that under this reading, an action can be brought by an Indian arts and crafts organization on behalf of itself. Even if I read the statute as the NAA suggests, the statute still does not support standing for the NAA. If a civil action may be commenced "on behalf of an Indian arts and crafts organization," the critical question is by whom? § 305e(c)(1)(B) explicitly states "[b]y an Indian tribe"; not by an Indian arts and crafts organization.

In the alternative, the NAA argues that it can bring suit under § 305e(c) because it is an intended beneficiary of the statute, because the legislative history supports an action by an Indian arts and crafts organization, and because allowing it to bring suit would further the underlying policy and purpose of the statute. None of these arguments are persuasive where the plain language of the statute unambiguously indicates who may bring suit. *See Estate of Cowart v. Nicklos Drilling Co.,* 505 U.S. 469, 475, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992) ("In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished.").

■■ Finally, the NAA contends that if § 305e(c) does not permit it to bring suit, the court should imply a private cause of action. Implied causes of action, however, are not favored. *Knapp v. Eagle Property Management Corp.,* 54 F.3d 1272, 1277 (7th Cir. 1995). Furthermore there is no need to imply a private cause of action in this case under *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). In *Cort* the Supreme Court determined "whether a private remedy is implicit in a statute not expressly providing one." 422 U.S. at 78, 95 S.Ct. 2080. The IACA already expressly provides a private cause of action by Indian tribes on behalf of and for the benefit of Indian arts and crafts organizations.

Nevertheless, the NAA argues that an express grant of standing to Indian tribes does not exclude an implied remedy for the NAA. It argues that a court may imply a private cause of action despite the language of the statute where there is clear evidence of contrary legislative intent. *See National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers,* 414 U.S. 453, 458, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974) (finding that statutory construction principles "must yield to clear contrary evidence of legislative intent"). There is no such legislative intent in this case. The NAA cites to comments in the legislative history which indicate that a suit may be brought "by an Indian tribe or group on behalf of its members" and suggests that the use of "group" indicates that Congress meant Indian arts and crafts organizations. H.R.Rep. No. 101–400(II) (1990), *reprinted in* 1990 U.S.C.C.A.N. 6391. The proposed statute, however, defined an "Indian tribe" as "any Indian tribe" recognized by federal law and as "any Indian group" recognized as a tribe by state laws. *Id.* Thus, by stating that a suit may be brought "by an Indian tribe or group," Congress did not clearly indicate that it contemplated suits by an Indian arts and crafts organization. Furthermore earlier proposed language of the statute contem-

plated suits by Indian tribes "on behalf of" itself and other parties. *Id.* The proposed statute stated that a suit may be brought "by an Indian tribe ... on behalf of a tribal organization." *Id.* Finally, different versions of the proposed statute initially allowed a suit "by any person aggrieved" and "by the Attorney General of the State." *See, e.g., id.;* H.R.Rep. No. 101–400(I) (1990), *reprinted in* 1990 U.S.C.C.A.N. 6382. Those parties were deleted from the enacted statute, indicating that Congress contemplated who should be allowed to bring suit. Thus, I cannot find that the language of the statute, as enacted, is clearly contrary to legislative intent.

### Counts II and III

■ Chico Arts argues that the DTPA claim must be dismissed because the NAA has failed to plead any confusion of the public as to the source of the products. The NAA alleges that Chico Arts represented its products to consumers as authentic Indian-made products when they were not and that the NAA competes with Chico Arts as a seller of authentic Indian products. This suggests that consumers can become confused as to the source of the products, believing that both Chico Arts and the NAA obtain their products from the same source: Native Americans. Furthermore, the DTPA is intended to prohibit unfair competition. *See Phillips v. Cox,* 261 Ill.App.3d 78, 632 N.E.2d 668, 670, 198 Ill.Dec. 338, 340 (1994). The allegations in the complaint are sufficient.

■ In addition, Chico Arts moves to dismiss both Counts II and III on three separate grounds. First, Chico Arts argues that the alleged misrepresentation relates only to products advertised on certain pages of the brochure attached to the complaint because only those pages have the statement "Handcrafted by Native American Indians" printed on them. I will not so limit the complaint. The NAA alleges that numerous materials published by Chico Acts were deceptive. The brochure attached to the complaint was intended to show what the products looked like, not to limit the scope of the complaint.

■ Second, Chico Arts contends that the NAA fails to sufficiently allege materiality, *i.e.,* that its statement that the products were made by Native Americans was essential to the decision to purchase from Chico Arts. *See*

*L.R.J. Ryan v. Wersi Elec. GmbH & Co.,* 59 F.3d 52, 53 (7th Cir.1995) (finding that materiality is an element under Illinois law). The NAA, however, did allege that the false representations and omissions of fact were material. (*See* Compl. ¶ 58).

■ Finally, Chico Arts argues that the NAA has not sufficiently alleged an intent to induce reliance in consumers. *See Perona v. Volkswagen of Am., Inc.,* 276 Ill.App.3d 609, 658 N.E.2d 1349, 1352, 213 Ill.Dec. 328, 331 (1995) (stating that intent by the defendant to induce reliance on the deception is an element). The NAA complaint alleges, however, that Chico Arts engaged in deceptive practices with the intent to induce the NAA and others to rely on the deception. (*See* Compl. ¶ 56).

### Conclusion

The NAA does not have standing under 25 U.S.C. § 305e(c) and thus, Count I is dismissed. The NAA has sufficiently pled claims of action under Counts II and III.