PAUL PERONA *et al.*, Plaintiffs-Appellants, v. VOLKSWAGEN OF AMERICA, INC., *et al.*, Defendants-Appellees.

First District (3rd Division) No. 1—92—2763

Opinion filed December 13, 1995.

Holstein, Mack & Klein, of Chicago (Aaron D. Robinson and Robert Lisco, of counsel), for appellants.

Jenner & Block, of Chicago (Jerold S. Solovy, Howard R. Barron, Laura A. Kaster, Douglas A. Graham, and Diane I. Bonina, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

This appeal arises from a class action of plaintiffs who were purchasers of Audi 5000 automobiles during model years 1983 through 1987. Defendants are Volkswagen of America, Inc., the importer and distributor of Audis in the United States, Audi A.G., the Audi manufacturer, and Volkswagen A.G., the parent corporation of Audi A.G. and Volkswagen of America. The claims arose out of alleged unintended acceleration of the Audi 5000 automobiles.

The trial court dismissed the fifth amended complaint for failure to allege specific defects under the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1987, ch. 121½, par. 262 (now 815 ILCS 505/2 (West 1992))) and failure to allege proper notice on its Uniform Commercial Code (UCC) warranty claims (Ill. Rev. Stat. 1987, ch. 26, pars. 2—313, 2—314 (now 810 ILCS 5/2—313, 2—314 (West 1992))) and Magnuson Moss Warranty Act claims (15 U.S.C. § 2301 et seq. (1988)). For the reasons that follow, we reverse and remand.

In March 1987, three groups of plaintiffs filed class action lawsuits. The cases were later consolidated, and a consolidated complaint, filed on October 1, 1987, was brought on behalf of a class of all

persons who purchased or leased 1983 through 1986 model Audi 5000 automobiles.

On May 5, 1988, the parties executed a settlement agreement subject to court approval. Under the agreement, defendants were to provide approximately 390,000 Audi owners with a rebate of up to $2,000 on the purchase of a new Audi depending on a variety of factors, including whether the class member still owned the car, the model year of the car, and when the class member purchased the new Audi. The trial court preliminarily approved the settlement agreement on May 19, 1988, and certified the class for purposes of settlement only.

On July 19, 1988, the case was transferred to another trial judge, who on August 11, 1988, vacated the court order approving the settlement. Subsequently, plaintiffs filed third and fourth amended consolidated class action complaints, which added model years 1978-82 and a subclass, which was comprised of individuals who had allegedly experienced actual incidents of unintended acceleration. Ultimately, the third and fourth amended complaints were dismissed.

On March 4, 1992, a fifth amended complaint was filed by 12 plaintiffs purporting to represent a class of all purchasers and lessees of Audi 5000 automobiles, model years 1983 through 1986, and a subclass of persons whose automobiles allegedly experienced an incident of unintended acceleration. The complaint alleged four causes of action: (1) breach of implied warranties pursuant to section 2—314 of the UCC (Ill. Rev. Stat. 1987, ch. 26, par. 2—314 (now 810 ILCS 5/2—314 (West 1992))); (2) breach of express warranties pursuant to the UCC (Ill. Rev. Stat. 1987, ch. 26, par. 2—313 (now 810 ILCS 5/2—313 (West 1992))); (3) violations of the Magnuson Moss Warranty Act (15 U.S.C. § 2301 et seq. (1988)); and (4) violations of the Consumer Fraud Act (Ill. Rev. Stat. 1987, ch. 121¹/₂, par. 262 (now 815 ILCS 505/2 (West 1992))).

The facts alleged in the complaint are that during the 1980s, owners of 1983 through 1986 automatic transmission Audi 5000 automobiles experienced incidents where their automobiles accelerated from a stopped position to full throttle at times when the automobile was at a standstill or the driver had his or her foot on the brake pedal. At least 2,000 incidents of unintended acceleration occurred, resulting in at least 513 accidents, 271 injuries, and five deaths.

The complaint further alleges that these incidents were caused by defects in the design or manufacture of Audi 5000 automobiles manufactured and sold during the model years 1983 through 1986. The alleged defects include the lever and cable system linking the

transmission shift lever, the brake and gas pedal placement and separation, the cruise control system, and the shift lock system.

Audi sent recall letters to its customers in April 1982, September 1983, and January 1987, recalling the Audi 5000 automobiles for repair, advising the owners of the problem, and instructing the drivers on certain vehicle safety procedures. Audi denied any mechanical or design defects. Its position was that driver error was responsible for the incidents of unintended acceleration. In addition, Audi issued two press releases regarding the unintended accelerations.

Plaintiffs further allege that defendants' proposed modifications are inadequate because Audi 5000 automobiles that have already been modified have continued to experience instances of sudden and unintended acceleration. As a result of the continuing alleged defects, plaintiffs claim that their Audis have lost their resale value. For that reason, plaintiffs are claiming damages in the amount of the full cost of their Audi 5000 automobiles. If the problem is eventually remedied, plaintiffs claim damages in the amount of the diminution of the resale value.

The trial court dismissed the consumer fraud claim for failure to state a cause of action in that it did not allege specific fraud or specific defects. The trial court also dismissed the claims for breach of implied and express warranties pursuant to the UCC and the Magnuson Moss Warranty Act on the basis that the named plaintiffs had failed to give actual notice of their complaints to the retailers or manufacturer of the automobile within a reasonable period of time after learning of the alleged defect.

■ The first issue is whether plaintiff Paul Perona is the only plaintiff who perfected an appeal. Defendants assert that the notice of appeal entitled "In re Audi" does not designate any appellant and the only attorney who signed the notice of appeal was Perona's attorney, Aaron Robinson of Holstein, Mack & Klein.

We find that the notice of appeal is sufficient for all plaintiffs because attorney Robinson from Holstein, Mack & Klein is the attorney for all the appellants. He signed the fourth and fifth amended complaints as attorney for plaintiffs and argued against the dismissal of the fourth and fifth amended complaints for all plaintiffs. All appellants do not have to be expressly named in the body of the notice of appeal. (*In re Estate of Bonjean* (1980), 90 Ill. App. 3d 582, 413 N.E.2d 205.) While "In re Audi Litigation" is not preferable, it does not divest this court of jurisdiction over the appeal by all plaintiffs.

Plaintiffs' first assertion on the merits is that their complaint properly pleads a cause of action for consumer fraud, which was dismissed by the trial court because the complaint lacked the specificity required to plead fraudulent conduct under the Consumer Fraud Act.

■ The Consumer Fraud Act prohibits any "concealment, suppression or omission of any material fact, with intent that others rely upon the concealment *** in the conduct of any trade or commerce." (Ill. Rev. Stat. 1987, ch. 121½, par. 262 (now 815 ILCS 505/2 (West 1992)).) To state a claim under the Consumer Fraud Act, a complaint must set forth specific facts that show (1) a deceptive act or practice; (2) an intent by the defendant that the plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving trade or commerce. (*People ex rel. Hartigan v. E&E Hauling, Inc.* (1992), 153 Ill. 2d 473, 492, 607 N.E.2d 165.) A plaintiff must at least plead with sufficient particularity facts establishing the elements of fraud, including what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made. *Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 457, 546 N.E.2d 580.

In a class action, it is the intent of the seller, rather than individual reliance of the buyer, that is dispositive. (*Duran v. Leslie Oldsmobile, Inc.* (1992), 229 Ill. App. 3d 1032, 1041, 594 N.E.2d 1355.) The seller is only liable for failure to disclose a material fact if it intended that the consumer rely on the omission. (*Totz v. Continental Du Page Acura* (1992), 236 Ill. App. 3d 891, 903, 602 N.E.2d 1374.) A fact is material if the other party would have acted differently had he known about it (*Mack v. Plaza Dewitt Ltd. Partnership* (1985), 137 Ill. App. 3d 343, 350, 484 N.E.2d 900) or if it relates to a matter on which the plaintiff could be expected to rely in deciding to engage in the conduct in question (*Affrunti v. Village Ford Sales, Inc.* (1992), 232 Ill. App. 3d 704, 707, 597 N.E.2d 1242).

■ The policy of the Act is to give broader protection than common law fraud or negligent misrepresentation. (*Eshaghi v. Hanley Dawson Cadillac Co.* (1991), 214 Ill. App. 3d 995, 1001, 574 N.E.2d 760.) The legislature mandated the courts to use the Act to the greatest extent possible to eliminate all forms of deceptive or unfair business practices and provide appropriate relief to consumers. *Totz*, 236 Ill. App. 3d at 901.

Plaintiffs argue that their complaint adequately pleaded the existence of a specific defect and that defendants knowingly concealed those defects from the public. In their complaint, they alleged in pertinent part:

"26. The Audi 5000 automobiles with automatic transmission manufactured in model years 1983-1986 are defective in design or production in that they suddenly and unintendedly surge, and/or accelerate when the driver shifts into the forward or reverse gear. In addition, or in the alternative, the design of the Audi is such as

to cause an increased, unprecedented likelihood of driver error, such increased likelihood causing an unreasonable risk of harm.

27. The Audi 5000 vehicles manufactured and sold in model years 1983 through 1986 contain manufacturing and/or design defects which cause said unintended acceleration.

28. The defects in design or manufacture include the following which independently or in connection with each other cause said 'unintended acceleration' and/or create a likelihood of driver error causing an unreasonable risk of harm:

> a) the lever and cable system linking the transmission shift lever;
> b) the break [sic] and gas pedal placement and separation;
> c) the cruise control system;
> d) the shift lock system.

29. These defects in design or manufacture are common to all vehicle models of a given model year.

30. These defects existed in the vehicles at the time all plaintiffs purchased these cars.

31. Said defects were hidden or latent and not discoverable by plaintiffs with reasonable diligence.

* * *

Despite [Audi's] knowledge of the defect, defendants repeatedly and publicly denied the existence of any defect, failed to inform its owners and purchasers of the Audi 5000 of said defect, and blamed 'driver error' for the mayhem caused by the Audi 5000, without acknowledging the role of its own design problems. Despite their claim that the cars were not defective, in April 1982 and again in September 1983 defendants recalled the cars to make minor changes that defendants claimed would reduce the likelihood of 'driver error.' These recalls failed to correct the defect.

35. On information and belief, defendants, with knowledge of claims of unintended acceleration and with actual knowledge of a latent defect(s) in the Audi 5000, concealed information on said defect from the public knowing such information would effect [sic] the value of the Audi 5000 vehicle.

36. In early 1987, defendants recalled all Audi 5000 series manufactured between 1978 and 1986 explaining that 'Audi considers the number of complaints of Audi 5000 unintended acceleration to be too high' ('Recall campaign GD' letter from Audi of America, Inc. attached hereto as Exhibit 'A') and offering to install an automatic shift lock designed to prevent the transmission shift lever from being moved from 'park' to 'reverse' or 'drive' unless the brake pedal is applied simultaneously.

* * *

51. The conduct of the defendant described in Count I was unfair or deceptive, or misleading, or an improper concealment, or suppression, or omission of a material fact, in violation of the Consumer Fraud Acts herein above quoted in the following particulars:

(a) Fraudulently and deceptively withheld from the purchasing public the fact that the Audi S automobile contained dangerous and defective conditions as stated above;

(b) Fraudulently and deceptively refused to make known to the purchasers of said automobile that the same had dangerous and defective conditions that caused sudden acceleration without warning;

(c) Fraudulently and deceptively attempted to mislead the Plaintiffs and the class members herein that there was no defect in the said automobile and the same was primarily and/or exclusively driver's error which caused the accidents with the said automobile;

(d) Fraudulently and deceptively refused to bring to the attention of the class members the defect in the said automobile until ordered and directed to do so by the requirements of the National Traffic and Motor Vehicle Safety Act."

The complaint does allege that Audi concealed information concerning the defects that produced unintended acceleration which, if proved, would indicate a deceptive act or practice. The complaint also adequately alleged that Audi intended that purchasers rely on the deception and that the deception occurred while Audi was selling its automobiles to the plaintiffs. Based on the above allegations, we reverse the trial court's dismissal of the complaint and remand for further proceedings.

■ In a motion to dismiss (735 ILCS 5/2—615 (West 1992)), all well-pleaded facts are taken as true and all reasonable inferences from those facts are drawn in favor of the plaintiff. (*Kolegas v. Heftel Broadcasting Corp.* (1992), 154 Ill. 2d 1, 9, 607 N.E.2d 201; *Fellhauer v. City of Geneva* (1991), 142 Ill. 2d 495, 499, 568 N.E.2d 870.) A complaint should not be dismissed unless the pleadings disclose that no set of facts could be proved that would entitle the plaintiff to relief. *Urbaitis v. Commonwealth Edison* (1991), 143 Ill. 2d 458, 475, 575 N.E.2d 548.

■ In this case, the complaint alleged at lease one specific defect, which was the placement and separation of the brake and gas pedals. The complaint further alleged that defendants knew of the defect, yet fraudulently and deceptively withheld that information from the purchasing public. Attached to the complaint were two press releases issued by Audi acknowledging the existence of excessive unintended

accelerations of the Audi S automobile. Those allegations were sufficient to state a cause of action under the Consumer Fraud Act.

Next, plaintiffs assert that their warranty claims should not have been dismissed for failure to give notice. Because defendants were aware of the problem, sent notices and recall letters to its customers, issued press releases, and entered into a proposed national class settlement agreement in relation to claims of unintended acceleration, plaintiffs claim that the March 3, 1987, filing of their lawsuit was appropriate notice of their complaints.

To support their argument, plaintiffs rely on *Goldstein v. G.D. Searle & Co.* (1978), 62 Ill. App. 3d 344, 345, 378 N.E.2d 1083, which is a single-incident personal injury case. The court concluded that the filing of the lawsuit was sufficient notice because the manufacturer had received similar complaints before the plaintiff was injured. Since the manufacturer was aware of the potential problem, the court concluded that the purpose of notice was fulfilled. *Goldstein*, 62 Ill. App. 3d at 351.

■ Section 2—607(3)(a) of the Uniform Commercial Code provides: "[T]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." 810 ILCS 5/2—607(3)(a) (West 1992).

The content of the notification need only be sufficient to let the seller know that "the transaction is still troublesome and must be watched." (810 ILCS Ann. 5/2—607, Uniform Commercial Code Comment 4 (Smith-Hurd 1993).) The purpose of notice is to allow the defendant an opportunity to marshal evidence, investigate facts, and negotiate settlement of a claim, if necessary. (*Goldstein*, 62 Ill. App. 3d at 350.) Thus, a defendant's actual knowledge of a defect is sufficient notice. *Malawy v. Richards Manufacturing Co.* (1986), 150 Ill. App. 3d 549, 561, 501 N.E.2d 376.

■ The commencement of a lawsuit does not satisfy the notice requirement where the consumer does not sue for personal injuries. (*Board of Education*, 131 Ill. 2d at 462-63.) After acknowledging that there is some support for the proposition that filing a lawsuit is sufficient notice, the *Board of Education* court ruled that filing a lawsuit is insufficient to satisfy section 2—607 of the UCC if "no personal injuries have been alleged and the plaintiffs are a body politic and not typical consumers." (*Board of Education*, 131 Ill. 2d at 462-63.) In support of this ruling, the court relied on 4 R. Anderson, Uniform Commercial Code § 2—607:38, at 142-43 (1983), which states "commencement of a lawsuit should not be held to satisfy the requirement of notice"; however, it may be sufficient when a consumer sues for

personal injuries. In this case, no personal injuries are alleged; therefore, the filing of the lawsuit was insufficient notice.

 In their complaint, plaintiffs alleged that defendants had actual knowledge of the defect and attached several recall notices and two press releases issued by Audi addressing the excessive unintended accelerations.

A federally mandated recall notice does not fulfill the UCC's notice requirement. A manufacturer recall does not admit a defect in a particular product, but refers to the possibility of a defect in a class of products. (*Bagel v. American Honda Motor Co.* (1985), 132 Ill. App. 3d 82, 88, 477 N.E.2d 54.) Furthermore, the taking of precautions against the future, such as issuance of recall letters, cannot be construed as an admission of responsibility for the past. (*Chase v. General Motors Corp.* (4th Cir. 1988), 856 F.2d 17, 21.) And so, anything contained in a recall letter is not sufficient to constitute notice.

In contrast, the press releases issued by Audi were public announcements of the excessive unintended accelerations and evidence of their actual knowledge of the problem. As such, those allegations establish that Audi knew the transactions were "troublesome and must be watched" (810 ILCS Ann. 5/2—607, Uniform Commercial Code Comment 4 (Smith-Hurd 1993)), which is sufficient to constitute notice under the UCC.

Section 2—607 of the Uniform Commercial Code provides that a seller should be given enough notice so that it may negotiate a settlement and cure the defect complained of.

The comments to section 2—607 in the UCC provide in part as follows:

"The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched. There is no reason to require that the notification which saves the buyer's rights under this section must include a clear statement of all the objections that will be relied on by the buyer, as under the section covering statements of defects upon rejection [citation]. Nor is there reason for requiring the notification to be a claim for damages or of any threatened litigation or other resort to a remedy. The notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus open the way for normal settlement through negotiation." 810 ILCS Ann. 5/2—607, Uniform Commercial Code Comment 4 (Smith-Hurd 1993).

The circuit court was in error when it dismissed the warranty and Magnuson Moss Warranty Act claims for failure to allege notice

to defendants. The buyers do not have to give notice to the seller of a defect if the seller has actual knowledge of a defect. *Malawy*, 150 Ill. App. 3d at 561. See *Connick v. Suzuki Motor Co.* (1995), 275 Ill. App. 3d 705.

Accordingly, we reverse the circuit court's judgment and remand this cause for further proceedings.

Reversed and remanded.

GREIMAN, P.J., and RIZZI, J., concur.