[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#168)
Plaintiff truck driver brought a personal injury action against a truck manufacturer and a truck seat manufacturer upon being injured when the seat allegedly first bottomed out and then propelled him into the ceiling of the truck cab.
The truck manufacturer has cross-claimed against the seat's maker, alleging breach of warranty.
The seat maker seeks to strike this cross-claim, alleging insufficient notice, C.G.S. § 42a-2-607 (3)(a). This is, of course, a Uniform Commercial Code provision but, pursuant to C.G.S. § 52-572n, this battle, as between the two product producers, is waged as a commercial loss matter rather than as a product liability personal injury claim (as to which the product liability act would exclusively govern).
The seat manufacturer asserts that the notice alleged in the first count of the truck manufacturer's cross claim which referred to the driver's personal injury suit is not sufficient to meet Connecticut General Statutes § 42a-2-607 (3)(a). The truck company conversely claims that the notice provided by the driver's present lawsuit was sufficient to satisfy any requirement that the seat company was entitled to from the truck company.
General Statutes § 42a-2-607 (3) provides in pertinent part: "Where a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy . . . ."
"The standard by which notice is measured for the purposes of § 42a-2-607 (3)(a) is not as rigorous a standard as that which CT Page 9345 governs notice of rejection under §§ 42a-2-602 and 42a-2-605. As the official comment to § 2-607 points out, and the cases have held, the reason that notification is required to preserve the buyer's remedy of damages for accepted goods is to alert the seller that the transaction is still troublesome rather than to particularize the buyer's entitlement to damages." Stelco Industries, Inc v.Cohen, 182 Conn. 561, 565, 438 A.2d 759 (1980).
The issue of whether the plaintiff's personal injury action, a products liability claim, is sufficient to satisfy the notice requirement of Connecticut General Statutes § 42a-2-607 (3)(a) is undecided in Connecticut. In other jurisdictions there is a split of authority. Perona v. Volkswagon of America, Inc., 276 Ill. App.3d 609,658 N.E.2d 1349 (1995); Lynx, Inc. v. Ordinance Products,
Inc., 273 Md. 1, 327 A.2d 502 (1974); compare Hudson v. Gaines,199 Ga. App. 70, 403 S.E.2d 852 (1991); Adams-Arapahoe School v.Celotex Corp., 637 F. Sup. 1207, 1210 (D.Colo. 1986).
"[I]n determining whether notice of breach of warranty is adequate under the U.C.C., courts divide these U.C.C. complainants into three categories: (1) merchant buyers . . . (2) consumer buyers who did not suffer personal injuries . . . and (3) consumer buyers who did suffer personal injuries. . . . Only a consumer plaintiff who suffers a personal injury may satisfy the section 2-607 notice requirement by filing a complaint stating a breach of warranty action against the seller. . . . The reason for this distinction is that where the breach has not resulted in personal injury, the U.C.C. indicates a preference that the breach be cured without a lawsuit." (Citations omitted.)Connick v. Suzuki Motor Co., Inc., 174 Ill.2d 482,675 N.E.2d 584 (1996).
The truck manufacturer, relying on notice given by the plaintiff in his personal injury action, must have its sufficiency be judged according to which of the above mentioned categories corresponds to the truck manufacturer's status.
The truck manufacturer is a merchant buyer of the truck seats. Accordingly, the filing of the driver's complaint cannot be considered sufficient notice for a breach of warranty under Connecticut General Statutes § 42a-2-607 (3)(a). The seat manufacturer's motion to strike is granted.
NADEAU, J. CT Page 9346