NATIVE AMERICAN ARTS, INC., et al., Plaintiffs,

v.

VILLAGE ORIGINALS, INC., Defendant.

No. 98 C 365.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 5, 1998.

Michael Patrick Mullen, Mullen & Foster, Chicago, IL, for Native American Arts Inc.

Marc P. Seidler, Howard L. Teplinsky, Seidler & McErlean, Chicago, IL, R. Jeffrey Pollock, McDonald, Hopkins, Burke & Haber

Co., L.P.A., Cleveland, OH, for Village Originals, Inc.

## MEMORANDUM OPINION AND ORDER

MANNING, District Judge.

### I. INTRODUCTION

The Ho Chunk Nation, a Native American tribe recognized by the Bureau of Indian Affairs, brings this suit on behalf of Native American Arts, Inc. (NAA) against Village Originals, Inc. (Village Originals), alleging violations of the Indian Arts and Crafts Act of 1990 (IACA), 25 U.S.C. § 305e (count I), unfair and deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 and the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 (counts II and III). Village Originals moves to dismiss pursuant to Fed.R.Civ.P. 9 & 12(b)(6), claiming that: (1) NAA lacks standing to be a party to this action; (2) IACA does not impose liability for violations caused by a defendant's negligent conduct; (3) the IACA is unconstitutionally overbroad and vague; and (4) the plaintiffs have not adequately pled facts constituting deceptive or fraudulent trade practices to support their IACA or supplemental state law claims. For the reasons set forth below, the motion is granted, in part, and denied in part.

### II. STANDARD OF REVIEW FOR A MOTION TO DISMISS

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See e.g. McMath v. City of Gary,* 976 F.2d 1026, 1031 (7th Cir.1992); *Gillman v. Burlington N.R. Co.,* 878 F.2d 1020, 1022 (7th Cir.1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kunik v. Racine County, Wis.,* 946 F.2d 1574, 1579 (7th Cir.1991), *citing Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

The court will accept all well-pled factual allegations in the complaint as true. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the nonmoving party. *Craigs, Inc. v. General Elec. Capital Corp.,* 12 F.3d 686, 688 (7th Cir.1993). However, the court is neither bound by the plaintiffs' legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiffs' claims. *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir.1992), *cert. denied,* 508 U.S. 942, 113 S.Ct. 2421, 124 L.Ed.2d 643 (1993).

### III. BACKGROUND

The Ho Chunk Nation (Ho Chunk), formerly known as the Winnebago Indian Tribe, is a Native American tribe recognized by the Bureau of Indian Affairs. Native American Arts, Inc. (NAA) is an Indian arts and crafts organization as defined by 25 U.S.C. § 305e(d)(4). NAA is a wholly owned Native American arts and crafts organization, comprised of members of the Ho Chunk Nation which distributes authentic Native American arts and crafts. Village Originals operates retail stores which display and sell arts, crafts, and jewelry throughout the United States. Village Originals is not an Indian arts and crafts organization.

The primary basis for the plaintiffs' case is violation of the Indian Arts and Craft Act of 1990 (IACA), 25 U.S.C. § 305(a). The IACA imposes civil liability upon an individual who "offers or displays for sale or sells a good, with or without a Government trademark, in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization...." The thrust of the plaintiffs' complaint is that Village Originals displays and falsely represents that some of its products were manufactured by Native American when, in fact, they were not, in violation of § 305e and Illinois law. The court will now address

Village Originals' separate arguments for dismissal.

## IV. *ANALYSIS*

### A. *The IACA counts*

In Counts I & II, Ho Chunk brings a private right of action on behalf of NAA. Count I is styled as a claim brought under the "Indian Arts and Craft Act," while Count II alleges "Negligent Violation of the Indian Arts and Craft Act." Village Originals moves to dismiss both counts, arguing that: (1) NAA lacks standing to sue or to be a party in suit; (2) that the plaintiffs' allegations as to count I are insufficient to plead a "false suggestion" claim under the IACA; (3) that the IACA is unconstitutional regulation of commercial speech; and (4) that the IACA does not create a cause of action for negligent violation of the statute.

### 1. *Standing*

■ Village Originals' standing argument is unpersuasive. The amended complaint clearly indicates that the IACA claims are being brought by Ho Chunk on behalf of Native American Arts. Section 305e(c) of the IACA provides in relevant part:

(1) A civil action under subsection (a) of this section may be commenced -

> (A) by the Attorney General upon request of the Secretary of Interior on behalf of an Indian who is a member of an Indian tribe, or on behalf of an Indian tribe, or an Indian arts and craft organization; or
>
> (B) by an Indian tribe on behalf of itself, an Indian who is a member of the tribe, or on behalf of an Indian arts and crafts organization.

As recently noted by Judge Castillo in *Native American Arts, Inc. v. J.C. Penney Co., Inc.,* 5 F.Supp.2d 599 (N.D.Ill.1998), § 305e(c) prohibits Native American arts and crafts associations from bringing private causes of action under the IACA unless they are brought by a Native American Tribe, such as Ho Chunk, on behalf of itself or an Indian arts and craft organization. As Village Originals correctly states under § 305e(c)(1)(B), which the plaintiffs invoke,

only a Native American tribe can bring a private right of action. While the standing argument correctly construes the law, it confuses the facts because contrary to Village Originals' assertions, NAA is not raising the IACA claims. Instead, Ho Chunk is raising them *on behalf* of NAA as permitted under § 305(c)(1)(B). *See also Native American Arts, Inc. v. Chico Arts, Inc.,* 8 F.Supp.2d 1066 (N.D.Ill.1998) (Bucklo, J.). As such, the standing challenge is rejected.

### 2. *Sufficiency of "false suggestions" allegations*

■ Village Originals alternatively argues that the IACA claims must be dismissed pursuant to Fed.R.Civ.P. 9(b) since Ho Chunk has pled insufficient facts to state a claim for "false suggestion." Federal Rule of Civil Procedure 9(b) requires "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Seventh Circuit has construed Rule 9(b) to require plaintiffs to state with particularity the factual basis for the alleged fraud, including: (1) the identity of the person (s) who made the misrepresentations; (2) the time, place, and content of the misrepresentations; and (3) the method by which the misrepresentation was communicated to the plaintiff. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 777 (7th Cir.1994) *quoting Uni \*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 924 (7th Cir.1992). Rule 9(b) is intended to "protect defendants' reputations, prevent [discovery] fishing expeditions, and to provide adequate notice to defendants of the claims against them." *Fugman v. Aprogenex, Inc.,* 961 F.Supp. 1190, 1194 (N.D.Ill.1997) (Aspen, J.).

■ The court is hard-pressed to believe that Village Originals could not know the factual basis for Ho Chunk's false suggestion claim. Reduced to its common elements, ¶ 12 of the plaintiffs' complaint alleges that between November 29, 1990 and January 5, 1997, Village Originals displayed and sold arts and crafts (mandelleas, dreamcatchers, and assorted jewelry) which were not made by Native Americans. Nonetheless, Village Originals allegedly displayed the products in

a manner designed to induce the public to believe that they were authentic Native American crafts by attaching price/information tags which suggest that the crafts were made by the Tigua and Navajo tribes. The products were allegedly displayed by a clerk somewhere in Gurnee, Illinois.[1] These allegations are sufficient to apprise Village Originals of the basis of the plaintiffs' false suggestion claim.

### 3. *First Amendment challenges*

In addition, Village Originals challenges the IACA's constitutional validity, arguing that it is overbroad and vague in violation of the First Amendment. The plaintiffs, relying on *Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), assert that the overbreadth doctrine is inapplicable to commercial speech. The *Hoffman Estates* Court established a two-step analysis for determining whether a statute is void for overbreadth or vagueness. 455 U.S. at 494, 102 S.Ct. 1186. First, the court must determine whether the statute "reaches a substantial amount of constitutionally protected conduct." *Id.* at 494, 102 S.Ct. 1186. If not, then the overbreadth challenge fails. Next, assuming that the statute implicates no constitutionally protected conduct, the court must "uphold the challenge only if the [statute] is impermissibly vague in all of its applications." *Id.* at 495, 102 S.Ct. 1186.

■ Commercial speech is expression related solely to the economic interests of the speaker and its audience and is protected by the First Amendment. *Virginia Pharmacy Bd. v. Virginia Citizens Consumer Council,* 425 U.S. 748, 762, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976). Commercial speech is protected in so far as it serves an informational function, but loses its protection if it deceives, misleads, or constitutes fraudulent activity. *See generally See Central Hudson Gas & Elec. v. Public Serv. Comm'n,* 447 U.S. 557, 563, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980).

Applying *Hoffman Estates,* the IACA does implicate First Amendment scrutiny since it involves the expressive aspects of commercial advertising. Nonetheless the speech prohibited by the IACA is unprotected by the overbreadth doctrine since it bans only false and misleading statements regarding the authenticity of Indian arts and crafts. Moreover, as a matter of law, the overbreadth doctrine does not apply to commercial speech in the first instance. *Central Hudson,* 447 U.S. at 565 n. 8, 100 S.Ct. 2343; *see also United States v. Walton,* 36 F.3d 32, 35–36 (7th Cir.1994).

■ Nor does the second part of the *Hoffman Estates* test invalidate the IACA since it is not vague in all of its applications. *Hoffman Estates* requires the court to focus exclusively on the conduct alleged in the complaint and not hypothetical applications of the law. Here, Village Originals allegedly attached tags to its products which induced consumers to believe that the products were authentic in the sense that they were manufactured by Native Americans. Village Originals erroneously contends that the IACA regulates the content of its crafts to prohibit it from utilizing "Southwest" designs which resemble, in part, Native American design. To the contrary, IACA does not restrict the artistic quality of Village Originals' merchandise. Rather, it merely regulates the means through which such merchandise is marketed. Simply put, Village Originals cannot represent to the public that its merchandise was made by Native Americans when, in fact, it was not.

Despite *Central Hudson* and *Hoffman Estates,* Village Originals, relying on *City of Cincinnati v. Discovery Network, Inc.,* 507 U.S. 410, 113 S.Ct. 1505, 123 L.Ed.2d 99 (1993) contends that its overbreadth doctrine is viable because the IACA is not reasonably fashioned to achieve its consumer protection goal without wholly eliminating artists from displaying Southwestern style art. Howev-

---

1. Village Originals' tags depict Native American females handcrafting the products. Documents attached to a defendant's motion to dismiss are considered to be part of the pleadings where, as here, they are referred to in the plaintiffs' complaint and are central to the plaintiffs' claim.

*See Venture Assoc. Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429, 431 (7th Cir.1993). Hence, the court shall consider the contents of the tags without converting this motion into one for summary judgment.

er, as the court's discussion above clearly explains, the IACA does not interfere with the artistic content of Village Original's merchandise and only regulates the purely commercial aspect stemming from potential false advertising that is unprotected conduct. Accordingly, the court denies Village Originals' to dismiss based on its First Amendment challenges.

### 4. IACA negligence liability

■ Finally, Village Originals contends that Count II of the amended complaint must be dismissed because the IACA imposes no liability for negligence since a defendant's intent is irrelevant to impose liability. Thus, by implication, Village Originals argues that § 305e(a) imposes strict liability. Section 305e(a) provides in pertinent part:

> A person ... may ... bring an action against a person who offers or displays for sale or sells a good, with or without a Government trademark, in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and craft organization ...

25 U.S.C. 305e(a) (West Supp.1998).

In support of its position, Village Original argues that § 305e is silent with respect to the requisite mental state, if any, necessary to constitute a violation. It further argues that the legislative history indicates that Congress intended § 305e to be parallel and analogous to the false designation provision of the Lanham Trademark Act, 15 U.S.C. 1125. NAA, in response, analogizes § 305e to the Illinois Consumer Fraud Act which imposes liability for negligent or innocent misrepresentations regarding product quality. NAA reasons that both statutes are, in essence, intended to prevent consumer fraud and therefore impose require a similar level of intent to impose liability. In addition, NAA claims that Fed.R.Civ.P. 8 permits it to plead alternative theories of relief and that the court should allow its negligence claim to stand in order to aid the "development and application of the law." (Response at 13).

The court declines NAA's invitation and instead shall apply firmly established canons of statutory interpretation.

■ When construing law enacted by Congress, the court must first examine the statutory language itself, *Reves v. Ernst & Young*, 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), and, as a final option, may resort to legislative history only when the statutory language is undeniably ambiguous. *Newsom v. Friedman*, 76 F.3d 813 (7th Cir.1996). Thus, NAA's proposed construction by analogy to the Illinois Consumer Fraud Act is misplaced. Moreover, Fed. R.Civ.P. 8 only permits parties to alternatively plead inconsistent causes of action, and does not create them from thin air as NAA suggests that the court do here. Neither of the parties cites, nor has the court found, any agency interpretations governing § 305e. Thus, the three-step analysis for agency interpretations established in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) is inapplicable.

The statutory language is silent as to what, if any, requisite mental state is necessary to impose liability under § 305e. Thus, the court turns to the legislative history. House Report 101–400(I),[2] indicates that the IACA was intended to expand the then existent anticounterfeiting provisions contained at 25 U.S.C. 305a, and incorporated a Department of Justice Report (DOJ) prepared by Assistant Attorney General Carol Crawford. The DOJ report stated that the "in a manner that falsely suggests" clause was added to § 305e to avoid potential overbreadth challenges to the IACA. It further stated that the "falsely suggests" clause was intended to be construed as parallel and analogous to the Lanham Act, 15 U.S.C. § 1125. H.R.Rep. No. 101–400(I) at 11, 1990 U.S.C.C.A.N. 6390. The Lanham Act, by its own terms, prohibits any person from affixing, applying, annexing, or using words or other symbols which tend falsely to describe or represent a false designation or origin, *Zeller v. LaHood*, 627 F.Supp. 55 (C.D.Ill.1985), imposing strict lia-

---

**2.** The Senate submitted no report with the legislation. *See* H.R.Rep. No. 101–400(I) at 1, reprinted in 1990 U.S.C.C.A.N. 6382.

bility regardless of the perpetrator's knowledge or intent. *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.,* 955 F.2d 1143, 1152 n. 6 (7th Cir.1992). In light of this legislative history, the court construes § 305e to impose strict liability for each commercial transaction involving a "false suggestion" that merchandise was manufactured by Indians. As such, the negligence claim raised in count II is redundant. Accordingly, the court dismisses count II of the amended complaint with prejudice.

### B. *State law fraud claims*

 Village Originals further argues that the plaintiffs' consumer fraud and deceptive trade practices claims must be dismissed for failure to state a claim, arguing that the plaintiffs have failed to allege facts which support the inference that Village Originals used fraudulent or deceptive trade practices. To state a claim under the Illinois Consumer Fraud Act, the plaintiff must show: "(1) a deceptive act or practice; (2) an intent by the defendant that the plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving a trade or commerce." *Thacker v. Menard, Inc. et al.,* 105 F.3d 382, 386 (7th Cir.1997), *quoting Perona v. Volkswagen of America, Inc.,* 276 Ill.App.3d 609, 213 Ill.Dec. 328, 658 N.E.2d 1349, 1352 (1995). Similarly, Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, is broadly construed to simultaneously prohibit unfair competition between business competitors and deceptive trade practices which injure consumers. *Zinser v. Rose,* 245 Ill.App.3d 881, 889, 185 Ill.Dec. 574, 614 N.E.2d 1259, 1264 (3d Dist.1993). Where the alleged deceptive practice implicates both interests, the same operative facts may sustain a cause of action under either statute. *Id.*

 As previously discussed, the court finds that Ho Chunk and NAA have pled sufficient facts to state a claim for fraud. Hence, Village Originals' Rule 9(b) challenge fails as to the state law claims. Village Originals contends that the plaintiffs have not specified that they relied or suffered loss causation. However, NAA asserts that it lost business from the alleged deceptive and unfair practices and suffered direct injury when it purchased inauthentic merchandise. As such, the court finds sufficient allegations of requisite fraud, causation, reliance, and damages.

Village Originals, finally, contends that consumers knew that their products were not authentic or otherwise made by Indians, and therefore could not have been deceived as to their origin. This argument, though persuasive, raises genuine issues of material fact which can be resolved only in a motion for summary judgment. Accordingly, counts III and IV stand.

### CONCLUSION

For the reasons set forth above, the court dismisses count II of Ho Chunk's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) with prejudice. Counts I, III, and IV stand.