Katherine ANTHONY, on behalf of herself and all others similarly situated, Plaintiff–Appellant,

v.

COUNTRY LIFE MANUFACTURING, LLC., d/b/a Biochem, a New York corporation, Defendant–Appellee.

No. 02–3948.

United States Court of Appeals, Seventh Circuit.

Argued April 17, 2003.

Decided July 2, 2003.

Before BAUER, MANION, and EVANS, Circuit Judges.

## ORDER

Katherine Anthony filed a putative class action against County Life Manufacturing, alleging that the defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act") and various U.C.C. warranties by selling nutrition bars containing stevia and cholecalciferol. County Life moved to dismiss Anthony's complaint pursuant to Rule 12(b)(6) and the district court granted that motion. Anthony appeals and we affirm.

### I.

During 2001 and 2002, Katherine Anthony purchased two brands of nutritional bars manufactured by Country Life: the Ultimate Lo Carb Bar and the Ultimate Lo Carb 2 Bar. The Ultimate Lo Carb Bar contained an ingredient called stevia, and the Ultimate Lo Carb 2 bar contained the ingredient cholecalciferol. Both products' nutritional labels listed these substances. However, although the Food and Drug Administration ("FDA") has approved the selling of stevia and cholecalciferol[1] as di-

---

1. According to County Life, stevia is an herbal sweetener and cholecalciferol is a form of vitamin D.

etary supplements, according to Anthony these substances are not approved for use as additives in foods. On this ground, Anthony filed a putative class action suit against Country Life. In her suit, Anthony alleged four claims: Count I alleged that Country Life violated the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*, by selling food that contained substances not approved by the FDA as food additives, and Counts II–IV alleged, respectively, that Country Life breached an express warranty, the implied warranty of merchantability, and the implied warranty of fitness for a particular purpose.

After Anthony filed suit, but before Country Life responded to the complaint, Anthony filed a motion for partial summary judgment. The next day Country Life filed a timely Rule 12(b)(6) motion to dismiss. The district court then struck Anthony's motion for partial summary judgment without prejudice, granting her leave to re-file pending disposition of Country Life's motion to dismiss. Briefing then proceeded on Country Life's motion to dismiss. During briefing, Anthony indicated no opposition to the dismissal of her claim for breach of implied warranty of fitness for a particular purpose, contained in Count IV, and therefore that claim is no longer at issue. However, Anthony did seek leave to file a sur-reply brief to respond to allegedly new arguments presented by Country Life in its reply brief as to her remaining three claims. The district court denied Anthony's request, and then granted Country Life's motion to dismiss. In doing so, the district court first concluded that Anthony could not state a claim under the Illinois Consumer Fraud Act because she had not alleged an actionable unfair practice, and that she also could not

establish any injury. As to the express warranty claim, the district court reasoned that Anthony failed to allege any affirmative fact or promise made by Country Life that could support an express warranty claim. And finally, the district court held that Anthony could not state an implied warranty of merchantability claim because she had failed to give Country Life notice of the alleged deficiency, as required by Article 2. Anthony appeals.

## II.

On appeal, Anthony argues that the district court erred in dismissing her Illinois Consumer Fraud Act claim and breach of warranty claims. Anthony also claims that the district court erred in dismissing her motion for summary judgment and in refusing to allow her to file a sur-reply brief in response to Country Life's reply brief. We first consider the district court's 12(b)(6) dismissal.

Dismissal under Rule 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim on which relief may be granted." *Hickey v. O'Bannon,* 287 F.3d 656, 657 (7th Cir.2002).[2] "We review a district court's decision to grant a motion to dismiss under Rule 12(b)(6) *de novo,* accepting all well-pleaded allegations in the [complaint] as true and drawing all reasonable inferences in favor of the ... plaintiff." *Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.,* 250 F.3d 570, 574 (7th Cir.2001). With these standards in mind, we consider each of Anthony's three claims.

### A. Illinois Consumer Fraud Act Claim

■ Anthony's first claim is under the Illinois Consumer Fraud Act. The Illinois

---

**2.** On appeal, Anthony also contends that the district court failed to properly apply federal notice pleading standards. We disagree with

this assessment, but in any event it is irrelevant because our review is *de novo.*

Consumer Fraud Act prohibits "unfair methods of competition and unfair or deceptive acts or practices ... [used] in the conduct of any trade or commerce...." 815 ILCS 505/2. To state a claim under the Illinois Consumer Fraud Act, a plaintiff must allege: (1) a deceptive act or unfair practice by the defendant; (2) intent by the defendant that the plaintiff rely on that act or practice; (3) that the deception or unfair practice occur in the course of conduct involving trade and commerce; and (4) that the deceptive act or unfair practice proximately caused the plaintiff's injury. *Cozzi Iron*, 250 F.3d at 575–76.

In this case, Anthony does not argue that Country Life engaged in a "deceptive act." Rather she contends that Country Life's selling of the Lo Carb and the Lo Carb 2 bars constituted an "unfair practice" within the meaning of the Illinois Consumer Fraud Act because those bars contained the unapproved additives of stevia and cholecarciferol. To determine if a practice is "unfair" under the Illinois Consumer Fraud Act:

> courts are guided by the following factors: (1) whether the practice even if not unlawful offends public policy as established by statutes, the common law or otherwise, or, in other words, whether it is at least within the penumbra of some established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it results in substantial injury to consumers.

*Ekl v. Knecht*, 223 Ill.App.3d 234, 165 Ill. Dec. 760, 585 N.E.2d 156, 163 (1991). As the Illinois Supreme Court recently explained, a plaintiff need not establish all three of the above factors; rather "a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 266 Ill.Dec. 879, 775 N.E.2d 951, 961 (2002) (internal quotation omitted).

The allegations in this case, however, fall well below the level of an "unfair practice" as defined by Illinois law. While Anthony claims that stevia and cholecaliciferol were not approved by the FDA for use as "food additives," these substances were approved for sale as nutritional supplements, and there is no claim that their use in the nutritional bars is dangerous or harmful in any way to consumers. Absent some allegation of actual danger to consumers, this technical distinction does not support a claim that Country Life engaged in an "unfair practice." This is especially true given that both the Lo Carb and Lo Carb 2 bars clearly disclosed the inclusion of stevia and cholecaliciferol, respectively, on their ingredients list. Moreover, Anthony had the opportunity to compare the ingredients of the Lo Carb and Lo Carb 2 bars with various other nutritional bars and in no way suffered a lack of a meaningful choice necessary to establish unfairness. Under these circumstances and given Illinois precedent concerning "unfair practices," we conclude that Anthony cannot state a claim under the Illinois Consumer Fraud Act. *See, e.g., Robinson*, 266 Ill.Dec. 879, 775 N.E.2d at 961–62 (rejecting vehicle lessees' claim that default penalties provided for in authomobile lease were an unfair practice under Illinois Consumer Fraud Act because the plaintiffs did not allege they were coerced into signing the leases or lacked reasonable alternatives in the marketplace); *Saunders v. Michigan Ave. Nat. Bank*, 278 Ill.App.3d 307, 214 Ill.Dec. 1036, 662 N.E.2d 602, 608 (1996) (rejecting bank customer's claim that bank's overdraft policy establishing an unconscionably high fee constituted an unfair practice because of "a total absence of the type of oppressiveness and lack of

meaningful choice necessary to establish unfairness"); *Stern v. Norwest Mort., Inc.*, 179 Ill.2d 160, 227 Ill.Dec. 762, 688 N.E.2d 99, 104 (1997) (holding that while the Mortgage Escrow Account Act prohibited a mortgage company from charging the escrow fee, the borrower's Illinois Consumer Fraud Act claim failed because the mortgage company's actions did not constitute an unfair practice); *Krause v. GE Capital Mort. Serv., Inc.*, 314 Ill.App.3d 376, 246 Ill.Dec. 774, 731 N.E.2d 302, 311–12 (2000) (holding that plaintiff's Illinois Consumer Fraud Act claim failed because the defendant disclosed the additional fees to the plaintiffs prior to the plaintiffs' selection of the additional services and therefore the defendant did not engage in an unfair practice).

■ Moreover, even assuming that Anthony's allegations against Country Life rose to the level of an "unfair practice," to state a claim under the Illinois Consumer Fraud Act she must still allege that the "unfair practice" proximately caused an injury. *Cozzi*, 250 F.3d at 575–76. In this case, no such injury was alleged–Anthony does not claim that she was physically harmed by eating the Lo Carb or Lo Carb 2 bars. Anthony responds by arguing that she alleged an economic injury, namely the cost of the nutritional bars which she would not have purchased had she known that the FDA had not approved stevia and cholecaliciferol for use as a food additive. However, because those substances were listed on the ingredients label and because Anthony consumed the products, she received exactly what she paid for and therefore did not suffer an economic injury. For this added reason, Anthony's Illinois Consumer Fraud Act claim must fail.[3]

**B. Breach of Express Warranty Claim**

■ Anthony also appeals from the district court's dismissal of her breach of express warranty claim alleged in Count II. This issue can be quickly resolved because to state an express warranty claim, a plaintiff must allege that a product failed to conform with an affirmative statement of fact or promise or an express description of the goods, *Hasek v. DaimlerChrysler Corp.*, 319 Ill.App.3d 780, 253 Ill.Dec. 504, 745 N.E.2d 627, 634 (2001), but Anthony failed to allege any such affirmation. Instead, she claims that Country Life made an express warranty by "causing its nutrition bars to be placed on grocery store shelves for sale." While an express warranty need not be formed by words, there must nonetheless be some affirmation. *Id.* However, in this case, there was absolutely no affirmation, and the products displayed, i.e., the Lo Carb and Lo Carb 2 bars, consisted of exactly what was disclosed on the labels. Therefore, the district court properly dismissed Anthony's express warranty claim.

**C. Breach of Implied Warranty of Merchantability Claim**

■ In her last count, Anthony alleges a breach of the implied warranty of merchantability under 810 ILCS 5/2–314, which provides that a merchant-seller of goods impliedly warrants that the goods are "fit for the ordinary purposes for which such goods are used." 810 ILCS 5/2–314. Anthony contends Country Life breached the implied warranty of merchantability by selling the Lo Carb and Lo Carb 2 bars because the snack bars were not "merchantable, wholesome, appropriate and legal for human consumption." The district court dismissed this count,

**3.** Because we conclude that Anthony failed to state a claim under the Illinois Consumer Fraud Act, we need not consider whether or to what extent the FDA preempts her state law claim.

concluding that Anthony could not state an implied warranty of merchantability claim under Illinois law because she had failed to provide proper notice as required by 810 ILCS 5/2–607(3)(a).

Section 2–607(3)(a) provides, in relevant part, that: "The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." 810 ILCS 5/2–607(3)(a). In *Connick v. Suzuki Motor Co., Ltd.,* 174 Ill.2d 482, 221 Ill.Dec. 389, 675 N.E.2d 584, 590 (1996), the Illinois Supreme Court explained that this provision requires a plaintiff to notify the defendant of the claimed deficiency in its product prior to filing suit. *Connick,* 221 Ill.Dec. 389, 675 N.E.2d at 590. Although Anthony accepts this general proposition, she does not claim to have provided Country Life with the requisite notice. Rather, Anthony contends that she is entitled to maintain her breach of implied warranty of merchantability claim because Country Life knew that its products contained stevia and cholecalciferol.

Anthony is correct that under Illinois law

> [t]here are instances … when a buyer can fulfill the notice requirement without giving direct notice to the seller. Direct notice is not required when (1) the seller has actual knowledge of the defect of the particular product, *Malawy v. Richards Manufacturing Co.,* 150 Ill. App.3d 549, 103 Ill.Dec. 355, 501 N.E.2d 376 (1986)); or (2) the seller is deemed to have been reasonably notified by the filing of the buyer's complaint alleging breach of UCC warranty (*Perona v. Volkswagen of America, Inc.,* 276 Ill. App.3d 609, 213 Ill.Dec. 328, 658 N.E.2d 1349 (1995)).

*Connick,* 221 Ill.Dec. 389, 675 N.E.2d at 589.

However, as the district court properly found, neither exception to the notice requirement applies in this case. First, Anthony failed to allege adequately that Country Life had actual knowledge of the alleged defect of the nutritional bars. While Anthony argues that because Country Life knew that its products contained stevia and cholecaliciferol it therefore knew of the defect, as the Illinois Supreme Court made clear in *Connick,* "[t]he notice of the breach required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of *buyer's claim* that they constitute a breach." *Connick,* 221 Ill.Dec. 389, 675 N.E.2d at 590 (internal quotations omitted). Rather, "even if a manufacturer is aware of problems with a particular product line, the notice requirement of section 2–607 is satisfied only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer." *Id.* Accordingly, Country Life's knowledge of its own ingredients is insufficient under Illinois law to constitute actual knowledge of the alleged defect. The second exception (that "the seller is deemed to have been reasonably notified by the filing of the buyer's complaint alleging breach of UCC warranty") also does not apply here because that exception is limited to situations involving personal injury, which Anthony has not alleged in this case. *Id.* ("Only a consumer plaintiff who suffers a personal injury may satisfy the section 2–607 notice requirement by filing a complaint … against the seller."). Accordingly, neither exception applies to excuse Anthony's failure to notify Country Life of the claimed breach of implied warranty of merchantability, and therefore this claim also fails.[4]

---

4. Because the district court properly dismissed all of Anthony's claims, she obviously

### III.

In sum, the district court properly dismissed Anthony's claims against Country Life because her allegations fail, as a matter of Illinois law, to rise to the level of an unfair practice and in any event she alleged no cognizable injury. She also failed to allege any affirmation so as to create an express warranty, and therefore her breach of express warranty claim also fails. Finally, Anthony's breach of implied warranty of merchantability claim fails because she did not provide Country Life with the requisite notice of the alleged breach prior to filing suit. For these and the foregoing reasons, we AFFIRM.

could not have succeeded on her motion for summary judgment and, therefore, the district court did not err in dismissing that motion. Similarly, the district court's refusal to accept a sur-reply brief also could not have prejudiced Anthony because she has had ample opportunity to present the same arguments on appeal and yet failed to establish the existence of a cognizable claim. And in any event,

denying leave to file a sur-reply brief is well within the district court's discretion.

