2025 IL App (1st) 240289-U

No. 1-24-0289

Order filed June 25, 2025

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DEBORAH GREENSWAG, AS SUCCESSOR TRUSTEE OF THE FRANKLIN P. FRIEDMAN LIVING TRUST, individually and on behalf of all similarly situated individuals, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) | No. 16 CH 15920 |
| LIEBERMAN MANAGEMENT SERVICES, INC., an Illinois Corporation, | ) ) ) | Honorable |
| Defendant-Appellee. | ) ) ) | Caroline K. Moreland, Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the trial court's judgment dismissing the consumer fraud claim in count II of the second amended class action complaint.

¶ 2    Plaintiff, Deborah Greenswag, as successor trustee of the Franklin P. Friedman Living Trust, individually, and on behalf of all others similarly situated, appeals from an order of the trial court dismissing count II of her second amended class action complaint. The count asserted a claim

for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2018)). The consumer fraud claim was predicated on allegations that the defendant, Lieberman Management Services, Inc. (Lieberman Management), acted unfairly by charging owners engaged in selling their condominium units unreasonable and excessive fees to obtain statutorily required disclosure documents. For the reasons that follow, we affirm.[1]

¶ 3                                                 I. BACKGROUND

¶ 4         In October 2016, Franklin P. Friedman contracted to sell his unit located in the Mission Hills Condominiums in Northbrook, Illinois. As a condition of sale, Friedman was required to provide the prospective buyer with disclosure documents as specified in section 22.1(a) of the Condominium Property Act (Act) (765 ILCS 605/22.1(a)(1)-(9) (West 2016)). Section 22.1(a) requires a seller of a condominium to "give the prospective buyer a copy of the condominium declaration and bylaws, the condominium association's rules, and an array of other documents bearing on the current financial status of the property." *Horist v. Sudler & Co.*, 941 F.3d 274, 276 (7th Cir. 2019) (citing 765 ILCS 605/22.1(a) (West 2016)).

¶ 5         Friedman requested the disclosure documents from Lieberman Management, who had been retained by the Mission Hills Condominium Association to act as its agent in managing the condominium property. Lieberman Management provided, through their vendor condocerts.com, the requested disclosure documents and other materials to Friedman at a cost of $445.[2]

¶ 6         Friedman believed he had been overcharged for the documents. On December 8, 2016, as trustee of the Franklin P. Friedman Living Trust, on behalf of himself and all others similarly

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

[2]This cost encompassed various fees, including condocerts.com service fees.

situated, Friedman filed a three-count class action complaint against Lieberman Management. Count I alleged that Lieberman Management violated section 22.1(c) of the Act by charging unit sellers unreasonable fees to obtain the disclosure documents. At that time, section 22.1(c) provided in relevant part that "[a] reasonable fee covering the direct out-of-pocket cost of providing such information and copying may be charged by the association or its Board of Managers to the unit seller for providing such information." *Id*. § 22.1(c). Count II alleged that the violation of section 22.1(c) constituted an unfair business practice in violation of section 2 of the Consumer Fraud Act (815 ILCS 505/2 (West 2016)). Count III alleged a claim for restitution/unjust enrichment and was pled in the alterative to counts I and II.

¶ 7    Lieberman Management filed a motion to dismiss the class action complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)). In an order entered on June 14, 2017, the trial court denied dismissal of the section 22.1(c) claim in count I; dismissed the consumer fraud claim in count II, with leave to replead; and dismissed the restitution/unjust enrichment claim in count III, with prejudice.

¶ 8    On July 12, 2017, Friedman filed a first amended class action complaint, which included a re-pled consumer fraud claim in count II. Lieberman Management moved to dismiss. It also filed a motion pursuant to Illinois Supreme Court Rule 308(a) (eff. July 1, 2017), asking the trial court to certify certain questions of law for appellate review. The trial court granted the motion and certified the following two questions for interlocutory review:

1. "Whether *** [section 22.1] of the Illinois Condominium Property Act (the 'Act') allows a cause of action to be brought by a condominium unit seller against a property management company, acting as an agent for the Condominium Board of Managers and/or the 'Unit Owners' Association, with respect to the fees charged by the property

3

management company to the condominium unit seller for the documents described in Section 22.1(a) of the Act?"

2. "Whether a private cause of action can be implied on behalf of a condominium unit seller and against a property management company, under Section 22.1 of the Act, where the property management company is acting as an agent for the Condominium Board of Managers and/or the 'Unit Owners' Association, with respect to the fees charged by the property management company to the condominium unit seller for the documents described in Section 22.1(a) of the Act?"

¶ 9 The trial court stayed the proceedings pending resolution of Lieberman Management's application to our court for leave to appeal. We initially entered an order granting the application. However, upon reconsideration, we concluded that the order was "improvidently" granted, as there were no allegations or underlying facts in the complaint demonstrating the existence of an agency relationship between Lieberman Management and the Condominium Association. See *Friedman v. Lieberman Management Services, Inc.*, 2019 IL App (1st) 180059-U. As a result, we elected not to answer the certified questions on the ground that answering them "would not materially advance the litigation toward termination." *Id*. We vacated our order granting the application for leave to appeal, dismissed the appeal, and remanded the matter for further proceedings. *Id*.

¶ 10 In December 2019, Deborah Greenswag, as successor trustee of the Franklin P. Friedman Living Trust, individually, and on behalf of all others similarly situated, filed a second amended complaint against Lieberman Management. The second amended class action complaint included the same counts as the first amended class action complaint but added a count IV alleging an alternative theory of consumer fraud. Lieberman Management again moved to dismiss pursuant to section 2-615 of the Code.

¶ 11    On April 1, 2021, the trial court dismissed count I with prejudice, finding that section 22.1(c) did not provide an implied cause of action in favor of a condominium seller against a property manager. The court also denied dismissal of the consumer fraud claim in count II, and dismissed the alternative consumer fraud claim in count IV with prejudice.

¶ 12    Greenswag requested a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) regarding the dismissal of the section 22.1(c) claim in count I. In support of the request, Greenswag noted that the relevant issue was pending before the appellate court in *Channon v. Westward Management, Inc.*, 2019 CH 4869.

¶ 13    On May 17, 2021, the trial court granted Greenswag's request for a Rule 304(a) finding. The trial court found there was no just reason to delay enforcement of or appeal from its dismissal of the section 22.1(c) claim in count I; dismissal of the alternative consumer fraud claim in count IV; and dismissal of the restitution/unjust enrichment claim in count III. Greenswag appealed from these dismissals.

¶ 14    On December 7, 2021, the appellate court in *Channon* issued its opinion finding that section 22.1(c) provides an implied cause of action in favor of a unit seller against a property manager based on allegations of excessive fees. *Channon v. Westward Management, Inc.*, 2021 IL App (1st) 210176, ¶¶ 38-39. The Illinois Supreme Court subsequently granted a petition for leave to appeal in *Channon* and this appeal was stayed pending the supreme court's resolution.

¶ 15    In an opinion filed on November 28, 2022, the Illinois Supreme Court reversed the appellate court in *Channon*. *Channon v. Westward Management, Inc.*, 2022 IL 128040. The Illinois Supreme Court concluded that "section 22.1 of the Condominium Property Act does not create an implied private right of action by a unit seller against an agent of a condominium association or its board of managers for allegedly violating the fee limitations set forth in section 22.1(c)." *Id.* ¶ 34.

¶ 16    While the matter was pending before this court, the legislature amended section 22.1(c). The amended version provides in relevant part that:

"A reasonable fee, not to exceed $375, covering the direct out-of-pocket cost of providing such information and copying may be charged by the association or its Board of Managers to the unit seller for providing such information. *** An association may charge an additional $100 for rush service completed within 72 hours." 765 ILCS 605/22.1 (West 2024) (text as amended by Public Act 102-976, § 5, eff. Jan. 1, 2023).

¶ 17    Following the statute's amendment, Lieberman Management filed a motion to reconsider, asking the trial court to reconsider its decision denying dismissal of the consumer fraud claim in count II, in light of the Illinois Supreme Court's decision in *Channon*.

¶ 18    Upon reconsideration, the trial court entered a memorandum opinion and order on January 26, 2024, dismissing the consumer fraud claim by retroactively applying the amended version of section 22.1(c). The trial court compared the prior and amended versions of the statute and concluded that the prior version was ambiguous as to what constituted a "reasonable fee."

¶ 19    The trial court found that the amended language "not to exceed $375" resolved the ambiguity by clarifying "that a reasonable fee is less than $375 plus $100 for any rush services." The trial court determined that the 2023 amendment simply clarified existing law, and therefore the amended version of section 22.1(c) could be applied retroactively without violating the general prohibition against retroactive application of statutory provisions.

¶ 20    The trial court concluded that the allegations against Lieberman Management were insufficient to establish a consumer fraud claim premised on unfairness, where the statute upon which the claim was predicated expressly allowed a condominium association to charge condominium sellers a maximum fee of $475—and Friedman was charged a total of $445. The

trial court granted Lieberman Management's motion for reconsideration and dismissed the consumer fraud claim in count II, with prejudice, pursuant to section 2-615 of the Code, effectively dismissing the entire action. The trial court stated that its order was final and appealable. This timely appeal followed.

¶ 21                                    II. ANALYSIS

¶ 22    We recognize that Greenswag raises several issues on appeal. However, we need only address one, as it is dispositive. We must determine whether the allegations against Lieberman Management are sufficient to state a cause of action for consumer fraud predicated on the purported violation of section 22.1(c) of the Act. The trial court dismissed the claim with prejudice pursuant to section 2-615 of the Code.

¶ 23    A motion to dismiss under section 2-615 challenges the legal sufficiency of a complaint by alleging defects apparent on its face. 735 ILCS 5/2-615 (West 2022); *Bowes v. Alvarez*, 2024 IL App (1st) 230749, ¶ 18. In reviewing the sufficiency of the complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts, and we construe the allegations in the light most favorable to the plaintiff. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). The critical question in reviewing the motion "is whether the allegations of the complaint, taken as true and construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Berry v. City of Chicago*, 2020 IL 124999, ¶ 25. We review a trial court's grant of a section 2-615 motion *de novo*. *Id*. In addition, this case involves an issue of statutory construction, which we also review *de novo*. *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶ 13.

¶ 24    The cardinal rule in construing a statute is to ascertain and give effect to the intent of the legislature. *In re Jarquan B.*, 2017 IL 121483, ¶ 22. "The most reliable indicator of that intent is

the plain and ordinary meaning of the statutory language itself." *Id*. "If the language of a statute is clear and unambiguous, we will give effect to the statute's plain meaning without resort to other aids of statutory construction." *Id*.

¶ 25    "The Consumer Fraud Act is a regulatory and remedial statute intended to protect consumers, borrowers, and businesspersons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416-17 (2002). Our courts have determined that:

> "In order to plead a private cause of action for a violation of the Consumer Fraud Act, a plaintiff must allege '(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.' " *Flores v. Aon Corp.*, 2023 IL App (1st) 230140, ¶ 41 (quoting *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149 (2002)).

¶ 26    Here, no deception is alleged. Instead, Greenswag contends charging what she describes as excessive fees is unfair. A business practice may be found unfair "if it (1) offends public policy; (2) is so oppressive that the consumer has little alternative but to submit; and (3) causes substantial injury to consumers." *Longo Realty v. Menard, Inc.*, 2016 IL App (1st) 151231, ¶ 28.

¶ 27    Greenswag's consumer fraud claim is predicated on alleged violations of section 22.1(c) of the Act. Courts have held that a plaintiff may predicate a consumer fraud claim on violation of other statutes or regulations which do not themselves allow for a private right of action. See *Gainer Bank, N.A. v. Jenkins*, 284 Ill. App. 3d 500, 503 (1996) (holding that plaintiff may predicate a consumer fraud claim on violation of the Illinois Motor Vehicle Retail Installment Sales Act, which itself does not allow for a private right of action); *Boyd v. U.S. Bank, N.A. ex rel. Sasco*

*Aames Mortg. Loan Trust Series 2003-1*, 787 F. Supp. 2d 747, 752 (N.D. Ill. 2011) (plaintiff predicated consumer fraud claim on violation of the Home Affordable Modification Program).

¶ 28    However, "[w]hen a plaintiff seeks to use a statutory enactment as a predicate for a tort action seeking damages, he must demonstrate that a private right of action is either expressly granted or implied in the statute." *Midwest Medical Records Association, Inc. v. Brown*, 2018 IL App (1st) 163230, ¶ 42. At the time Greenswag filed her consumer fraud claim, section 22.1(c) provided in relevant part that "[a] reasonable fee covering the direct out-of-pocket cost of providing such information and copying may be charged by the association or its Board of Managers to the unit seller for providing such information." *Id*. § 22.1(c). This section does not provide unit sellers with an express private right of action to challenge "fees" charged by property managers, such as Lieberman Management, acting on behalf of condominium associations. See *Channon*, 2022 IL 128040, ¶ 29 (noting federal case law has affirmed unit sellers have no express cause of action).

¶ 29    "When a statute prescribing or proscribing certain conduct does not expressly provide for a private right of action to redress violations of its provisions, a court will sometimes find an *implied* private right of action in that statute." (Emphasis in original.) *1541 North Bosworth Condominium Association v. Hanna Architects, Inc.*, 2021 IL App (1st) 200594, ¶ 34. Here, since section 22.1(c) does not provide condominium sellers with an express private right of action, Greenswag's consumer fraud claim is viable only if she can demonstrate that section 22.1(c) contains an implied private right of action for condominium sellers. Greenswag, however, cannot demonstrate this, as our supreme court has concluded that "section 22.1 of the of Condominium Property Act does not create an implied private right of action by a unit seller against an agent of a condominium association or its board of managers for allegedly violating the fee limitations set

forth in section 22.1(c)." *Channon*, 2022 IL 128040, ¶ 34.

¶ 30 Thus, following the guidance from our supreme court in *Channon*, we find that section 22.1(c) does not provide condominium sellers with either an express or implied private right of action to challenge "fees" charged by property managers acting on behalf of condominium associations or board of managers.[3] Relatedly, we also note that the legislature amended section 22.1(c) by changing the phrase "a reasonable fee" to "a reasonable fee not to exceed $375" and provided that a condominium association could charge unit sellers an additional $100 for rush service. This amendment clarifies what constitutes a "reasonable fee" under section 22.1(c) and it places a cap of $475 as the maximum fee a condominium association can charge unit sellers to obtain statutorily required disclosure documents.

¶ 31                                    III. CONCLUSION

¶ 32 We find the trial court did not err in dismissing the consumer fraud claim with prejudice pursuant to section 2-615 of the Code. Accordingly, we affirm the trial court's decision.

¶ 33 Affirmed.

---

[3]Two Illinois federal district courts and the Seventh Circuit Court of Appeals have reached similar results. See *Horist v. Sudler & Co.*, 941 F.3d 274, 276 (7th Cir. 2019); *Murphy v. Foster Premier, Inc.*, No. 17 CV 8114, 2018 WL 3428084 (N.D. Ill. July 16, 2018); *Ahrendt v. Condocerts.com, Inc.*, No. 17 CV 8418, 2018 WL 2193140 (N.D. Ill. May 14, 2018).